DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

|  |  |
|---|---|
| DAFFNEY LEE JAMES, )<br>)<br>Plaintiff, )<br>v. )<br>GEOSTAR CORPORATION, SUCCESSOR IN )<br>INTEREST TO CLASSIC STAR, CLASSIC STAR )<br>CAPITAL, LLC., ERIC BATEMAN, BRYON )<br>DYSON, SUGAR ISLAND ASSOCIATES, LTD., )<br>CARAMBOLA GOLF CLUB PARTNERS, )<br>CARAMBOLA GOLF AND COUNTRY CLUB LLC )<br>AND JS MANAGEMENT LLLP., )<br>Defendants. )<br>_____ ) | 2004-CV-0026 |

TO:   Lee J. Rohn, Esq.
      Bruce Bennet, Esq.
      Douglas L. Capdeville, Esq.
      Edward L. Barry, Esq.
      Leslie Kelly, Esq.

**ORDER REGARDING PLAINTIFF'S MOTION FOR SANCTIONS FOR REFUSAL TO MEDIATE**

THIS MATTER is before the Court upon Plaintiff Daffney Lee James' Motion For Sanctions For Refusal to Mediate (Docket No. 248).  Defendant Bateman  filed a response to said motion, and Plaintiff filed a reply thereto.

Plaintiff claims that Defendant Bateman's attorney refused to set a date for mediation, arguing that his client does not have enough money.  Motion at 1.  Said Defendant does not dispute those allegations in his Response to Plaintiff's Motion for

*James v. Geostar Corporation*
2004-CV-0026
Order Regarding Plaintiff's Motion For Sanctions
Page 2

Sanctions (Docket No. 253). Defendant Bateman claims he is willing to abide by this Court's order to mediate but requests that he attend the mediation by phone due to the burden of having to travel from California to attend the mediation. Response at 1.

According to Local Rule of Civil Procedure Rule 3.2, a party may be sanctioned for failing to appear at a "duly noticed mediation conference or fail[ing] to participate in the mediation in good faith." LRCi 3.2 (f)(2). Plaintiff does not allege that Defendant Bateman failed to appear at a scheduled mediation conference, but that said Defendant refused to provide dates for mediation. Motion at 1. Therefore, if Plaintiff's allegations are true, Defendant Bateman did not directly violate Rule 3.2. However, if said Defendant was having difficulty scheduling a mediation by the deadline, he should have filed a motion for extension of time. As a result, this Court will grant in part and deny in part Plaintiff's motion for sanctions.

As to Defendant Bateman's request to attend the mediation by phone, this Court's Local Rules of Civil Procedure require a "party or its representative having full authority to settle without further consultation" to be physically present at a mediation conference, unless otherwise stipulated by the parties. LRCi 3.2(f)(2)(A). It is clear from the opposition of Plaintiff that it does not stipulate to said Defendant's physical absence from the mediation conference. Nowhere in his response does said Defendant state

*James v. Geostar Corporation*
2004-CV-0026
Order Regarding Plaintiff's Motion For Sanctions
Page 3

that his representative at the mediation conference will have "full authority to settle without further consultation." Consequently, the Court finds that Defendant Bateman must be physically present at the mediation conference and will deny the request.

Having reviewed the parties' written submissions and upon due consideration thereof, it is now hereby **ORDERED**:

1. Plaintiff's Motion For Sanctions For Failure to Mediate (Docket No. 248) is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's motion for monetary sanctions against Defendant Bateman is **DENIED**.

3. Defendant Bateman shall provide to counsel for all parties, within five (5) days from the date of entry of this order, dates he is available for mediation.

4. Mediation shall be completed on or before **July 31, 2008**.

ENTER:

Dated: July 16, 2008
/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE